DA 20-0407

FILED

04/05/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0407

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 70N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

KEITH WILLIAM WALKER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DC-19-143
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Shannon Sweeney, Attorney at Law, Palmer, Puerto Rico

      For Appellee:

      Austin Knudsen, Montana Attorney General, Patrick Moody, Assistant
Attorney General, Helena, Montana

      C. Mark Fowler, Attorney at Law, Tumwater, Washington

      Kathryn McEnery, Powell County Attorney, Deer Lodge, Montana

Submitted on Briefs:  March 2, 2022

Decided:  April 5, 2022

Filed:

_____
           Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Keith William Walker (Walker) appeals his conviction for Aggravated Assault by Accountability entered in the Third Judicial District Court, Powell County. We affirm.

¶3 On January 21, 2019, two inmates at the Montana State Prison (MSP)—Walker and Dexter Louis Turntoes (Turntoes)—attacked another inmate, Clayton Wellknown (Wellknown), in the MSP prison yard. During the attack, Wellknown was seen by an MSP correctional officer on the ground protecting his face while Walker and Turntoes repeatedly kicked his head. One of the correctional officers at the scene used his body to shield Wellknown's head, which was bleeding profusely, until assistance came. Following the attack, Wellknown could not walk on his own and was taken to the MSP infirmary. He was treated for several lacerations along the front and back of his head, two of which required sutures.

¶4 Walker was charged with one count of Aggravated Assault, an alternative count of Aggravated Assault by Accountability, and an "Additional Sentence for Criminal Street Gang-Related Felony"—a specific type of sentence enhancement. The sentence

enhancement was eventually dismissed by the State. However, prior to Walker's trial, the State filed a Notice of Intent to Seek Persistent Felony Offender Status.

¶5      Walker's trial was held on January 27 and 28, 2020. Neither Walker nor Wellknown testified. Several correctional officers testified on behalf of the State. In each of their respective testimonies, the correctional officers identified Walker as one of the two prisoners who had attacked Wellknown. Officer Cameron Huston testified that, during the attack, he feared for Wellknown's life and threw his own body over Wellknown's to shield Wellknown from further injury. Officer Ricky Condon testified that it took approximately six correctional officers to restrain Walker. Although Turntoes was not present at Walker's trial, multiple State witnesses testified that Turntoes was the second kicker.

¶6      Dr. Paul Rees, the MSP physician who treated Wellknown for his injuries, testified that Wellknown experienced bouts of "nausea" and "vomiting" immediately following the attack, along with "post traumatic headaches." Wellknown's medical records revealed that his post traumatic headaches lasted for at least six months. Although the State established that Wellknown suffered multiple lacerations to his head and face of varying severity, the State ultimately was unable to provide evidence establishing which inmate's foot— Walker's or Turntoe's—struck which blow to Wellknown's head. Nevertheless, the State presented physical evidence to the jury that Walker's right shoe from the day of the attack was covered in blood. The State also introduced circumstantial evidence of Walker and Turntoes's motive for the assault by setting forth evidence that they were both members of the "Sureños" gang and that Wellknown was a likely member of the rival "Norteños" gang. At the time of the attack, Wellknown had recently gotten a "Norteños" tattoo.

¶7      The parties met in chambers with the court on the morning of January 28, 2020. At this meeting, Walker and the State approved the final jury instructions and verdict form. Walker also proposed an instruction which would have limited the jury's ability to consider Walker's gang affiliation as relevant evidence; however, this instruction was denied. That same day, the jury returned a verdict unanimously convicting Walker of "Aggravated Assault by Accountability," in violation of §§ 45-5-202 and 45-2-302, MCA. The District Court sentenced Walker as a Persistent Felony Offender and imposed a sentence of fifteen years, with eight years suspended. Walker's sentence would run consecutively with his existing sentence.

¶8      "[W]e review jury instructions in a criminal case to determine whether the instructions, as a whole, fully and fairly instruct the jury on the law applicable to the case." *State v. Michaud*, 2008 MT 88, ¶ 16, 342 Mont. 244, 180 P.3d 636 (citations omitted). Further, "we recognize that a district court has broad discretion when it instructs a jury, and we therefore review a district court's decision regarding jury instructions to determine whether the court abused that discretion." *Michaud*, ¶ 16 (citations omitted). A trial court abuses its discretion when it "act[s] arbitrarily or exceed[s] the bounds of reason resulting in substantial injustice." *State v. Bieber*, 2007 MT 262, ¶ 22, 339 Mont. 309, 170 P.3d 444 (citations omitted). On appeal, "[a] party may not assign as error any portion of the [jury] instructions or omission from the instructions unless an objection was made specifically stating the matter objected to, and the grounds for the objection, at the settlement of instructions." Section 46-16-410(3), MCA. Instead, when appealing jury instructions, a party's assertion of error "must stand or fall on the ground relied on by the trial court."

4

*State v. Hatten*, 1999 MT 298, ¶ 67, 297 Mont. 127, 991 P.2d 939 (citations omitted).  A claim of insufficiency of evidence is reviewed de novo regardless of whether it was raised below.  *State v. Robertson*, 2014 MT 279, ¶ 16, 376 Mont. 471, 336 P.3d 367 (citations omitted).  When reviewing such a claim, "[w]e view the evidence in the light most favorable to the prosecution and ask whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt."  *Robertson*, ¶ 16 (citations omitted).

¶9      Walker raises three issues on appeal.  He first argues that the jury instruction for Aggravated Assault on the issue of unanimity violated his constitutional right to a unanimous verdict.  Walker also alleges that the verdict form failed to clarify or correct this unanimity error.  However, Walker did not object to either the unanimity instruction or the verdict form at trial.  On appeal, "a party may not assign as error any portion of the [jury] instructions or omission from the instructions unless an objection was made specifically stating the matter objected to, and the grounds for the objection, at the settlement of instructions."  Section 46-16-410(3), MCA.  Here, when presented with the opportunity to object during the parties' in chambers meeting on January 28, 2020, Walker's counsel expressly stated he had no objection to "Instruction No. 9"—the same unanimity instruction which Walker now seeks to challenge.  Walker also did not object to any other jury instruction for the reason that his verdict would not be unanimous.  Notably, the State also offered "Proposed Jury Instruction No. 7," which would have instructed the jury that they "must agree that the Defendant committed the same act or acts, plural" with regards to any conviction.  This Court has previously endorsed the use of such language to

ensure that jury instructions properly instruct on unanimity. *See State v. Weaver*, 1998 MT 167, ¶ 39, 290 Mont. 58, 964 P.2d 713 (*partly abrogated by statute, as stated in State v. Deines*, 2009 MT 179, ¶¶ 14-16, 351 Mont. 1, 208 P.3d 857). However, the record indicates that Walker's counsel objected to Proposed Instruction No. 7 and the State withdrew the instruction. As this Court has noted, a party "cannot create error for his own benefit on appeal." *Cline v. Durden*, 246 Mont. 154, 162, 803 P.2d 1077, 1082 (1990). We conclude Walker has waived this issue on appeal.

¶10 Walker's second issue is a claim of insufficiency of evidence. Walker contends that "[n]ot a single witness of record offered testimony as to a specific injury or circumstance that suits the definition of serious bodily injury." Aggravated Assault requires that the State prove a criminal defendant either caused "serious bodily injury" or created "reasonable apprehension of serious bodily injury" in the victim. Section 45-5-202, MCA. Evidence supporting a conviction is sufficient if "a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Robertson*, ¶ 16. The evidence presented at Walker's trial established the following: Walker and Turntoes both kicked Wellknown until he bled profusely; Walker had blood on his shoe; Wellknown required stitches for multiple head lacerations; Wellknown was vomiting and nauseous following the attack; and Wellknown suffered "post traumatic headaches" for several months. These facts provide more than sufficient evidence for a rational juror to conclude that Walker caused a "serious bodily injury" to Wellknown. Additionally, witnesses observed Wellknown "covering his face" on the ground while being kicked by Walker and Turntoes, and Officer Huston testified he felt the need to shield Wellknown's body with

6

his own during the attack. Thus, there was also sufficient evidence for a rational juror to conclude Wellknown had an objectively reasonable "apprehension of serious bodily injury." We conclude there was sufficient evidence to support Walker's conviction on both grounds.

¶11 Walker's third argument is the District Court abused its discretion when it denied one of Walker's proposed jury instructions. Walker's denied instruction sought to limit the jury's ability to consider evidence of Walker's gang affiliation—specifically, Walker's past activity associating him with the Sureños gang—due to its potential to create an impermissible "prior bad acts" character inference under M. R. Evid. 404(b). However, the State objected to Walker's jury instruction, arguing Walker's gang affiliation was "proof of motive" for the assault—a permissible character evidence exception under M. R. Evid. 404(b). Walker's proposed jury instruction read as follows:

> The State has offered evidence that the alleged assault was the result of the alleged victim and Defendant being alleged members of different gangs. This evidence is only being offered to explain how and why this alleged assault occurred. This evidence is not to be considered by you in deciding whether the Defendant is guilty or not guilty of the alleged assault.

¶12 The District Court ultimately denied Walker's jury instruction because it was confusing and stated, simply, "[t]his is not a good instruction." We conclude the District Court was correct. The relevancy of Walker's gang affiliation as a motive for his assault of Wellknown—a purported rival gang member—is clear. Evidence of motive is a proper theory of admissibility under M. R. Evid. 404(b). Moreover, the instruction's language is confusing. As a result, the District Court did not abuse its discretion when it denied Walker's proposed jury instruction.

7

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE